**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PLOTAGRAPH, INC., a Delaware Corporation, Plaintiff | § § § § | Civil Action No. _____ |
| and | § § | |
| TROY PLOTA, an individual, Plaintiff | § § | |
| and | § § | |
| SASCHA CONNELLY, an individual, *pro se*, Involuntary Plaintiff | § § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| LIGHTRICKS, LTD., an Israeli Corporation, Defendant | § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiffs Plotagraph, Inc. ("Plotagraph") and Troy Plota ("Plota") by and through their undersigned counsel, and Sacha Connelly ("Connelly"),(collectively "Plaintiffs") bring this action against Defendant, Lightricks, Ltd., ("Defendant" or "Lightricks") to prevent the Defendant's continued infringement of Plaintiffs' patents without authorization and to recover damages resulting from such unauthorized use.

**PARTIES**

1.      Plaintiff Plotagraph is a Delaware corporation and has its principal place of business in Maui, Hawaii.

2.      Plotagraph is the assignee and owner of 50% of the right, title and interest in U.S. Patent No. 10,346,017 ("the '017 patent), U.S. Patent No. 10,558,342 ("the '342 patent), and U.S. Patent No. 10,621,469 ("the '469 patent")(collectively, the "Patents-in-Suit").  Plotagraph owns an undivided 50% of the right, title and interest in the Patents-in-Suit via assignment from inventor Troy Plota.

3.      Troy Plota is an individual residing in Wailea, Hawaii.  Plota is a co-inventor for the Patents-in-Suit.  Plota has assigned his portion of the right, title and interest in the Patents-in-Suit to Plotagraph.

4.      Sascha Connelly is an individual residing in St. Petersburg, Florida.  Connelly is a co-inventor for the Patents-in-Suit and, therefore, an owner of an undivided 50% of the right, title and interest in them.  Connelly consented to protect the Patents-in-Suit from violations, infringements or other misuse.  Connelly is therefore joined in this suit as a necessary party via Fed. R. Civ. P. 19.

5.   Upon information and belief, Defendant Lightricks, Ltd., is a corporation that is incorporated in Israel and has its principal place of business in Jerusalem, Israel.  Upon information and belief, Defendant has no regular and established place of business within the United States.   On information and belief, Defendant develops and sells video and image editing mobile apps.

## FACTUAL ALLEGATIONS

The Patents-in-Suit

6.      The Patents-in-Suit relate to novel computer systems and methods for automatically shifting pixels in still digital photos or video files.  This technology allows users to animate portions of a digital still photo or a frame of a video file.  For example, a still photo showing an

individual standing before a waterfall could be animated to have the waterfall in the still photo appear to be flowing.

7.      The Patents-in-Suit resulted from Plaintiffs' development of computer programs and "apps" which provided users techniques to enhance still digital photos through animation of pixels within a photo.  These techniques, in short, allow a user to select a set of pixels within the photos which are then caused by the software to be rendered in a loop, simulating motion.  A user can also keep portions of the still photo from moving by using an "anchor" or "mask" tool to create a group of stationary pixels which the user does not want to move.  The animation techniques were used in Plaintiffs' "Plotagraph" and "Plotagraph Pro" programs which were originally sold in 2016 for use with personal computers.  Plotagraph was released as an "App" which was available for downloading to smartphones, tablets and other devices via the Apple App Store starting in 2017.

8.      Plaintiffs' Plotagraph program proved to be extremely popular. In 2017, Plaintiffs' "Plotagraph" app became the number one "App" available on the Apple App Store for Photo/Video.

Lightricks's Program(s) and Infringement

9.      On information and belief, Defendant Lightricks began in early September of 2018 to sell, offer for sale or import into the United States at least one infringing computer program or "App" originally named "Pixaloop" (the "Accused Program").  Pixaloop, like Plaintiffs' "Plotagraph" App, allowed users to select a set of pixels which would then be animated by the Pixaloop App to appear to have motion.  On information and belief, the selected set of pixels are rendered in a loop, as the name of the program "Pixaloop" suggests.  Pixaloop also allowed a user to use an "Anchor" tool to create stationary pixels that the user does not want to be moved.

10.     At some point after 2019 Defendant changed the name of the Accused Program from Pixaloop to the less descriptive name "Motionleap".  However, Motionleap continued to allow a user to animate a set of pixels through animation tracks as before and provide the ability to create a "Mask" as well as stop movement with an "Anchor" tool.  In a later version of Motionleap the "Anchor" tool was removed and replaced by a brush-eraser tool through which a user selected a set of pixels to be animated.

11.     On information and belief, Lightricks has sold and offered for sale the Accused Program as a standalone App as well as a part of a bundle or suite of Apps on both the Apple App Store and the Google Play Store.  These products directly competed with Plaintiffs' Plotagraph and Plotagraph Pro Apps.  On information and belief, revenue from sales and subscriptions to the Accused Program or bundles which contain the Accused Program is in the range of $30 million to $100 million.

12.     Lightricks's Accused Program has included and still includes instructions which teach and advise users how to use the Accused Program to perform steps of the method claims of the Patents-in-Suit.  Such instructions in the current version of Motionleap include instructions to "Animate," "Select" and choose a "Direction" for pixel shifting.

13.   Lightricks has also published a number of tutorial videos which instruct users of Pixeloop how to use the Accused Program in manners which would infringe method claims of the Patents in-Suit. One example is: "Working from home? Let's move things around!" published June 17, 2020 by "Motionleap by Lightricks" and found at https://www.youtube.com/watch?v=RRbwGi85G5o.  Another example is "How to Make Photos Move with Pixaloop!" published September 25, 2018 by "Motionleap by Lightricks" and found at https://www.youtube.com/watch?v=R0oYWuFcZCE.

Lightricks' Knowledge of the Patents-in-Suit

14.     On September 24, 2018, Lightricks was provided specific notice that the '342 Patent was pending.  Plaintiff Plotagraph made Lightricks aware of U.S. Patent Publication No. 2018/0032236 (which ultimately issued as the '342 Patent) and the fact that "Plotagraph believes [the Pixaloop program] is covered by its pending patent applications."   Defendant Lightricks was asked to cease and desist offering the Pixaloop program for downloading.  Attached as Exhibit A hereto is the 2018 cease and desist letter.

15.     Lastly, the Accused Program was downloaded from the Apple App Store or the Google Play Store about 1.2 million times in Oct. 2021.  Applying the same number for the 28 months back to when the first Plotagraph patent issued, that is 33,600,000 downloads. At a reasonable royalty for each of the '017 and '342 patents of $1... reasonable damages amount is $67,200,000. If Defendant Lightricks owed a reasonable royalty for each of the '017 and '342 patents is $1, it would owe about $67,200,000 in damages.

## JURISDICTION AND VENUE

16.     This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. §1, et. seq., including 35 U.S.C. §271.  This court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

17.     This Court also has subject matter jurisdiction for this action under 28 U.S.C. § 2201 (Declaratory Judgment Act).

18.     This Court has personal jurisdiction over Lightricks because Lightricks has availed itself of the rights and benefits of the laws of Texas: it has derived substantial revenue from the sales of the Accused Program in Texas, and has systematic and continuous business contacts with Texas.

19.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)(3).  Lightricks has committed acts of infringement in this judicial district by, among other things, marketing, selling and offering for sale the Accused Program in this judicial district.  Upon information and belief, Lightricks is a foreign corporation subject to suit in any district within the United States.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 10,346,017)

20.     Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs of the Complaint as if fully set forth herein.

21.     The '017 Patent, entitled "Automated Pixel Shifting Within a Digital Image," was duly and legally issued on July 9, 2019. A true and correct copy of the '017 Patent is attached as Exhibit B.

22.     The '017 Patent names Troy Plota and Sascha Connelly as inventors.

23.     The '017 Patent has been in full force and effect since its issuance.  Plaintiff Plotagraph owns by assignment an undivided 50% of right, title and interest in and to the '017 Patent, including the right to seek damages for past, current and future infringement thereof.  Involuntary Plaintiff Connelly owns the remaining undivided 50% of the right, title and interest in and to the '017 Patent.

24.     On information and belief, Lightricks has committed and continues to commit acts of direct infringement of the '017 Patent by making, selling, offering to sell and/or importing the Accused Program into the United States.  Claims drawn to a "computer system" in the '017 Patent are directly infringed under 35 U.S.C. §271(a) when a user downloads the Accused Program to a smartphone, tablet, computer or similar device.  Lightricks further actively induces infringement of the "computer system" claims by offering the Accused Program for download at least via the Apple App Store and Google Play Store.

25.     Plaintiffs allege that Lightricks also actively induces infringement of claims in the '017 Patent to methods for automating the shifting pixels within a digital image pursuant to 35 U.S.C. §271(b).  Lightricks's Accused Program includes instructions which teach and advise users how to use the Accused Program to automatically shift pixels according to the steps of the claims in the '017 Patent.  Further, Lightricks has published a number of tutorial videos which also teach users how to use the Accused Program to perform the steps of the method claims of the '017 Patent.

26.     Plaintiff also alleges that Lightricks contributed to the infringement of at least one claim of the '017 Patent, in violation of 35 U.S.C. §271(c), by among other things, making, using offering to sell, selling, and/or importing into the United States, without authority or license, said Accused Program, which embodies a material part of the claimed inventions of the '017 Patent, knowing that such products and/or components were specially made or specially adapted for use in an infringement of these claims, and that they were not staple articles or commodities or commerce suitable for substantial non-infringing use.

27.     As a result of Lightricks's infringement and inducement of infringement of the '017 Patent, Plaintiffs have been damaged.  Plaintiffs are entitled to recover for damages sustained as a result of Lightricks's wrongful acts in an amount yet to be determined.

28.     In addition, Lightricks's infringing acts and practices have caused and are causing immediate and irreparable harm to Plaintiffs.

29.     Plaintiffs allege that Defendant Lightricks's infringement, induced infringement and contributory infringement of the '017 Patent has been and continues to be deliberate and willful, and therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Plaintiff pursuant to 35 U.S.C. §§284-285.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 10,558,342

30.     Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

31.     The '342 Patent", entitled "Automated Pixel Shifting Within a Digital Image," was duly and legally issued on February 11, 2020. A true and correct copy of the '342 Patent is attached as Exhibit C.

32.     The '342 Patent names Troy Plota and Sascha Connelly as inventors.

33.     The '342 Patent has been in full force and effect since its issuance.  Plaintiff Plotagraph owns by assignment an undivided 50% of right, title and interest in and to the '342 Patent, including the right to seek damages for past, current and future infringement thereof.  Involuntary Plaintiff Connelly owns the remaining undivided 50% of the right, title and interest in and to the '342 Patent.

34.     On information and belief, Lightricks has committed and continues to commit acts of direct infringement of the '342 Patent by making, selling, offering to sell and/or importing the Accused Program into the United States.  Claims to a "computer system" in the '342 Patent are directly infringed when a user downloads the Accused Program to a smartphone, tablet, computer or similar device.  Lightricks further actively induces infringement of the "computer system" claims by offering the Accused Program for download at least via the Apple App Store and Google Play Store.

35.     Plaintiffs allege that Lightricks also actively induces infringement of claims in the '342 Patent to methods for automating the shifting pixels within a digital image.  Lightricks' Accused Program includes instructions which teach and advise users how to use the Accused Program to

automatically shift pixels according to the step of the claims in the '342 Patent.  Further, Lightricks has published a number of tutorial videos which also teach users how to use the Accused Program to perform the steps of the method claims of the '342 Patent.

36.     Plaintiffs also allege that Lightricks contributed to the infringement of at least one claim of the '342 Patent, in violation of 35 U.S.C. §271(c), by among other things, making, using offering to sell, selling, and/or importing into the United States, without authority or license, said Accused Program, which embodies a material part of the claimed inventions of the '342 Patent, knowing that such products and/or components were specially made or specially adapted for use in an infringement of these claims, and that they were not staple articles or commodities or commerce suitable for substantial non-infringing use.

37.     As a result of Lightricks's infringement and inducement of infringement of the '342 Patent, Plaintiffs have been damaged.  Plaintiffs are entitled to recover for damages sustained as a result of Lightricks's wrongful acts in an amount yet to be determined.

38.     Additionally, Plaintiffs are owed "Provisional Rights" damages pursuant to 35 U.S.C. §154(d) as Lightricks had actual notice of the published patent application which ultimately issued as the '342 Patent.  Plaintiff is entitled to a reasonable royalty from Defendant for the period from the date the patent application was published to the date the '342 Patent issued.

39.     Lightricks's infringing acts and practices have caused and are causing immediate and irreparable harm to Plaintiffs.

40.     Plaintiffs allege that Defendant Lightricks's infringement, induced infringement and contributory infringement of the '342 Patent has been and continues to be deliberate and willful, and therefore, this is an exceptional case warranting an award of enhanced damages for up to

three times the actual damages awarded and attorney's fees to Plaintiffs pursuant to 35 U.S.C. §§284-285.

## THIRD CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 10,621,469)

41.     Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

42.     The '469 Patent", entitled "Automated Pixel Shifting Within a Video File," was duly and legally issued on April 14, 2020. A true and correct copy of the '469 Patent is attached as Exhibit D.

43.     The '469 Patent names Troy Plota and Sascha Connelly as inventors.

44.     The '469 Patent has been in full force and effect since its issuance.  Plaintiff Plotagraph owns by assignment an undivided 50% of the right, title and interest in and to the '469 Patent, including the right to seek damages for past, current and future infringement thereof.  Involuntary Plaintiff Connelly owns the remaining undivided 50% of the right, title and interest in and to the '469 Patent.

45.     Lightricks has sold, offered to sell and/or imported the Accused Program into the United States.

46.     Plaintiffs allege that Lightricks also actively induces infringement of claims in the '469 Patent to methods for automating the shifting pixels within a video file.  Lightricks' Accused Program includes instructions which teach and advise users how to use the Accused Program to automatically shift pixels according to the steps of the claims in the '469 Patent.

47.     Plaintiffs also allege that Lightricks contributed to the infringement of at least one claim of the '469 Patent, in violation of 35 U.S.C. §271(c), by among other things, making, using offering

to sell, selling, and/or importing into the United States, without authority or license, said Accused Program, which embodies a material part of the claimed inventions of the '469 Patent, knowing that such products and/or components were specially made or specially adapted for use in an infringement of these claims, and that they were not staple articles or commodities or commerce suitable for substantial non-infringing use.

48.     As a result of Lightricks's infringement, inducement of infringement and contributory infringement of the '469 Patent, Plaintiffs have been damaged.  Plaintiffs are entitled to recover for damages sustained as a result of Lightricks's wrongful acts in an amount yet to be determined.

49.     Lightricks's infringing acts and practices have caused and are causing immediate and irreparable harm to Plaintiffs.

50.     Plaintiffs allege that Defendant Lightricks's infringement and induced infringement of the '469 Patent has been and continues to be deliberate and willful, and therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Plaintiff pursuant to 35 U.S.C. §§284-285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Plotagraph prays for judgment as follows:

With respect to Connelly:

A.  That Connelly is a necessary party in this suit.

With respect to Defendant Lightricks, Plaintiffs pray for judgment as follows:

A.  That Lightricks has infringed, and continues to infringe, each of the Patents-in-Suit;

B.  That Lightricks be preliminarily and permanently enjoined pursuant to 35 U.S.C. §283 from infringing, contributing to the infringement of, or inducing infringement of the Patents-in-Suit;

C.  That Lightricks pay Plaintiffs damages adequate to compensate for Lightricks's infringement of the Patents-in-Suit, together with interest and costs under 35 U.S.C. §284.

D.  That Lightricks be ordered to pay pre-judgment and post-judgment interest on the damages assessed;

E.  That Lightricks be ordered to pay supplemental damages to Plaintiffs, including interest, with an accounting, as needed;

F.  That Lightricks' infringement is willful and that the damages awarded to Plaintiffs should be enhanced for up to three times the actual damages awarded;

G.  That this is an exceptional case under 35 U.S.C. §285 and that Lightricks pay Plaintiffs' attorney's fees and costs in this action; and

H.  That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## **PLAINTIFFS' DEMAND FOR JURY TRIAL**

Plaintiffs assert their rights under the Seventh Amendment to the United States Constitution and demand, in accordance with Federal Rule of Civil Procedure, Rule 38, a trial by jury on all issues triable by a jury.

Respectfully submitted,

**GREALISH & McZEAL, PC**

Dwight E. Jefferson
Of Counsel
State Bar No. 10605600
700 Louisiana Street, 48th Floor
Houston, Texas 77002
(713) 255-3234 – Telephone
(713) 783-2502 – Facsimile
Email: djefferson@grealishmczeal.com

BY: /s/ *Marcellous S. McZeal*
**Marcellous S. McZeal**
SBN: 00798368
S.D. Tex. Admission No.: 21271
700 Louisiana Street, 48th Floor
Houston, Texas 77002
Telephone: (713) 255-3234
Facsimile:  (713) 783-2502
Email: mmczeal@grealishmczeal.com

**ATTORNEYS IN CHARGE FOR**
**PLAINTIFFS, Plotagraph and Plota**

Shawn Hunter
Texas Bar Number 10301765
Southern District of Texas Bar No. 13780
*(Renewal application forthcoming)*
Schneider Wallace Cottrell Konecky LLP
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (415) 421-7105
shunter@schneiderwallace.com

Lee Wilson
Texas Bar Number 21704220
*(Application to SDTX submitted)*
The Law Office of Lee Brooks Wilson
1108 Lavaca Street, Suite 110-288
Austin, Texas 78701
Telephone: 512-796-8836
lee@lawlbw.com